IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAELENE JO FORMANACK,

                              Plaintiff,                              OPINION & ORDER

    v.

                                                                                 14-cv-859-jdp

ROSIE RIOS,

                              Defendant.

---

       Plaintiff Michaelene Jo Formanack, a resident of Elmwood, Wisconsin, has initiated this lawsuit with a document titled "Bill in Equity," naming Treasurer of the United States Rosie Rios as the defendant. Dkt. 1. Plaintiff is proceeding pro se and has paid the filing fee. She alleges that when her birth certificate was registered with the State of Wisconsin in 1955, she "was wedded with the defacto corporate name MICHAELENE J. FLORIAN. At that time [she] became surety for the state of Wisconsin."[1] She states that this "defacto name" was "saddled with taxes of every sort," and that because "the bottom half of her birth certificate was not left on," she became "a ward of the state." She states further that the government committed fraud when it did not disclose to her that her Social Security number "was actually the number of a bond insured by a German social insurance company."

       Plaintiff asks for several remedies, including that the court "release the complainant and her family from being trustees and sureties to our defacto corporate names" and exempt her from transportation-related regulations such as driver licenses, license plate laws, and Transportation Security Administration screening, that her "birth status be restored to that of Private Citizen of the United States with all the Constitutional rights that go with that status,"

---

[1] Florian is plaintiff's maiden name.

and that "all monies taken by the State of Minnesota and the State of Wisconsin for both properties we owned, for property taxes, be returned to us."

Although plaintiff has paid the full filing fee for this action and the complaint does not have to be screened under the *in forma pauperis* statue, 28 U.S.C. § 1915, this court has the inherent authority to screen and dismiss the case *sua sponte*. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

Even construing plaintiff's pro se pleading generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), I must dismiss the case as frivolous. Her complaint is grounded in long-discredited "sovereign citizen" theories of federal, state, and local government illegitimacy that cannot support any viable claims. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and frivolous); *Bechard v. Rios*, No. 14-CV-867-WMC, 2014 WL 7366226, at *1 (W.D. Wis. Dec. 24, 2014) (case dismissed where plaintiff "maintain[ed] that the social security number that issued along with his birth certificate . . . is really an identification number for a German-owned insurance policy.").

This case has been proceeding under seal because plaintiff's complaint includes a cover sheet stating "EXTRAORDINARY, SPECIAL and PRIVATE, RESTRICTED and CONFIDENTIAL PROPRIETARY and PRIVILEDGED." Dkt. 1, at 1. However, plaintiff has presented the court with no reason to keep the entire document under seal, much less the "good

2

cause" necessary to override the presumption that court documents are made public. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007) (internal quotation omitted) ("The public's interest can be overridden only if the . . . [privacy] interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case."). I will direct the clerk of court to double-check the record and redact any confidential information protected under Federal Rule of Civil Procedure 5.2 ("Privacy Protection For Filings Made with the Court"). Assuming that the clerk finds no unredacted confidential information, such as a person's social security number, the record of this case will be promptly unsealed.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice as frivolous. All pending motions are DENIED as moot.

2. The clerk of court is directed to enter judgment for defendants and close this case.

3. The clerk of court is directed to unseal the docket for this case and all individual docket entries, after double-checking the record to redact any confidential information protected under Federal Rule of Civil Procedure 5.2.

Entered July 6, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge