IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAELENE JO FORMANACK,

                Plaintiff,

v.

ROSIE RIOS,

                Defendant.

ORDER

14-cv-859-jdp

---

Plaintiff Michaelene Jo Formanack, a resident of Elmwood, Wisconsin, filed this case regarding the government's use of her "de facto name" and other frivolous "sovereign citizen" theories of government illegitimacy. Judgment was entered in this case after I dismissed the proposed lawsuit as frivolous. Dkt. 9 and Dkt. 10. I also denied a motion by plaintiff to amend the complaint that had crossed in the mail with the order dismissing the case. Dkt. 12. Now plaintiff has filed a notice of appeal, Dkt. 13. She does not include the $505 appellate filing fee, so I will construe her notice of appeal as also requesting leave to proceed *in forma pauperis* on appeal.

Under 28 U.S.C. § 1915, a district court may deny a request for leave to proceed *in forma pauperis* for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence; the appeal is not taken in good faith; or the litigant is a prisoner and has three "strikes" for purposes of § 1915(g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). I will deny plaintiff's request for leave to proceed *in forma pauperis* on appeal both because she has submitted nothing indicating her indigence and because I am certifying that her appeal is not taken in good faith. The Seventh Circuit has instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims that

the court has already found to be without legal merit. *Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000); *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (per curiam). Here, plaintiff is trying to appeal the same clearly meritless claims on which I denied her leave to proceed. Moreover, she has not shown any legally meritorious basis for her appeal. Therefore, I must certify that the appeal is not taken in good faith.

This means that plaintiff cannot proceed with her appeal without prepaying the $505 filing fee, unless the court of appeals gives her permission to do so. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order to ask the court of appeals to review this court's denial of leave to proceed *in forma pauperis* on appeal. Plaintiff must include with her motion an affidavit as described in the first paragraph of Rule 24(a), with a statement of the issues that she intends to argue on appeal. Also, she must submit a copy of this order. Plaintiff should be aware that she must file these documents in addition to the notice of appeal that she has previously filed. If she does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis* on appeal. Instead, it may require plaintiff to pay the full $505 filing fee before it considers her appeal further. If she does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss plaintiff's appeal.

ORDER

IT IS ORDERED that plaintiff Michaelene Jo Formanack's motion for leave to proceed *in forma pauperis* on appeal is DENIED, because she has not proven her indigence and because I certify that her appeal is not taken in good faith.

Entered December 10, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge